**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-00863-GPG

JEFFREY A. KEY,

      Plaintiff,

v.

PITKIN COUNTY JAIL,
DON BIRD, ADMINISTRATOR, and
JOE DiSALVO, SHERIFF,

      Defendants.

---

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND
TEMPORARY RESTRAINING ORDER

---

The matter before the Court is a "Motion for a Preliminary Injunction and a

Temporary Restraining Order" (ECF No. 9; April 25, 2016) filed by Plaintiff Jeffrey A. Key.

The motion must be construed liberally because Plaintiff is not represented by an

attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991).   However, the Court should not be an advocate for a *pro se*

litigant.  *See Hall*, 935 F.2d at 1110.

Plaintiff is detained in the Pitkin County Detention Center in Aspen, Colorado.   He

initiated this action *pro se*, alleging three claims for money damages arising from 1) his

treatment as a "pre-trial detainee" including transfers to other jails which impeded the

preparation of his defense, 2) an alleged conspiracy between his jailer and defense

attorney, and 3) loss of income and psychological harm from being wrongly imprisoned.

1

(ECF No. 1).   He requests $750,000.00 as relief for claimed "punitive, compensatory and economic damages."   (*Id.* at 6).

By letter, Plaintiff conveyed to the Court the instant "Motion for a Preliminary Injunction and a Temporary Restraining Order."   (ECF No. 9).   However, the "Motion" consists only of an "Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order" which appears to be a form instructing the defendants to appear for a hearing, and a "Declaration" by another detainee.   (*See id.*).   The relief set forth in the draft "Order to Show Cause" is an order prohibiting defendants from transferring or threatening to transfer Plaintiff to any other Colorado county jail until his criminal case, pending in Pitkin County, is resolved.   (*Id.* at 2).   The "Declaration" appears to be a statement from another detainee at Pitkin County Jail, Taylor Colton, who states Defendant Don Bird has threatened to transfer him to another county jail.   (*Id.* at 3).   He further states he witnessed Defendant Bird take Plaintiff aside for "a private conversation" in which he threatened to transfer Plaintiff to another county jail based on an accusation that Plaintiff argued with another person over the use of a television.   (*Id.*).

A party seeking a preliminary injunction must show: (1) a substantial likelihood of prevailing on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest.   *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).   "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal."   *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).   Similarly, a temporary restraining order is appropriate only if "specific facts in an

affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

"[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). Thus, Plaintiff "must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id.*

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). The movant "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007). Furthermore, a party seeking preliminary injunctive relief "must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman*, 348 F.3d at 1189. A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

Plaintiff fails to demonstrate, clearly and unequivocally, that he is entitled to a preliminary injunction or temporary restraining order. He offers very little supporting factual allegations in support of his request for preliminary injunctive relief. The draft "Order to Show Cause" states the requested relief, and the "Declaration" indicates

3

possible transfer may have been threatened, but Plaintiff does not allege specific facts to demonstrate he will suffer irreparable injury if no preliminary injunction or temporary restraining order is issued.   He also fails to allege specific facts that demonstrate a substantial likelihood of prevailing on the merits in this action.   Accordingly, it is

ORDERED that the "Motion for a Preliminary Injunction and a Temporary Restraining Order" (ECF No. 9; April 25, 2016) is DENIED.

DATED April 28, 2016, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK
U.S. Senior District Judge